

1   SOUTH BAY LAW FIRM
    MICHAEL D. GOOD (SBN 176033)
2   21535 Hawthorne Blvd., Suite 210
    Torrance, California 90503
3   Telephone:    (310) 373-2075
    Facsimile:    (310) 356-3229
4   mgood@southbaylawfirm.com

5   General Insolvency Counsel for Debtor and Debtor-in-Possession

6                    UNITED STATES BANKRUPTCY COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8                          SANTA ANA DIVISION

9   In re                                    Case No.       8:09-bk-11910-RK

10  ALUMINUM ROOFING SPECIALISTS, INC.,      Chapter 11
    dba   DIAL   ONE   Window   Replacement  **SMALL BUSINESS CASE PURSUANT TO**
11  Specialists, dba Spectrum Windows & Doors **FRBP 1020**

12                        Debtor   and   Debtor-in- ***EX PARTE*** **APPLICATION FOR ORDER:**
                          Possession.
13                                           **(1) CONDITIONALLY APPROVING**
                                                 **DEBTOR'S ORIGINAL DISCLOSURE**
14                                               **STATEMENT, DATED JUNE 29, 2009;**

15                                           **(2) SCHEDULING HEARING ON**
                                                 **CONFIRMATION OF DEBTOR'S**
16                                               **ORIGINAL PLAN, DATED JUNE 29,**
                                                 **2009;**
17
                                             **(3) APPROVING FORM AND MANNER**
18                                               **OF NOTICE OF THE CONFIRMATION**
                                                 **HEARING;**
19
                                             **(4) ESTABLISHING LAST DATE FOR**
20                                               **RECEIPT OF BALLOTS;**

21                                           **(5) ESTABLISHING PROCEDURES FOR**
                                                 **VOTE TABULATION; AND**
22
                                             **(6) ESTABLISHING DEADLINES AND**
23                                               **PROCEDURES FOR FILING**
                                                 **OBJECTIONS TO CONFIRMATION**
24                                               **OF THE PLAN**

25                                           Date:
                                             Time:         [NONE SET]
26                                           Place:

///

27  ///

28  ///

*Left margin vertical text:* South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

ELECTRONICALLY FILED

1    Aluminum Roofing Specialists, Inc., the Debtor and Debtor-in-Possession in the above-

2    referenced Chapter 11 case, hereby makes application, _Ex Parte_, to this Court for an Order (i)

3    conditionally approving the Debtor's Original Disclosure Statement dated June 29, 2009; (ii)

4    scheduling a hearing on confirmation of the Debtor's Original Plan of Reorganization dated June

5    29, 2009;[1] (iii) approving the form and manner of notice of the confirmation hearing; (iv)

6    establishing the last date for receipt of ballots; (v) establishing procedures for vote tabulation; and

7    (vi) establishing deadlines and procedures for filing objections (if any) to the confirmation of the

8    Debtor's Plan.

9    **I.  GENERAL PRE- AND POST-PETITION BACKGROUND OF CASE.**

10    In the interests of brevity, the Debtor reiterates in pertinent part and incorporates by

11    reference the same discussion of pre-petition history and post-petition operations as appears in its

12    concurrently-filed Plan.[2]

---

[1] Pursuant to 11 U.S.C. § 1125(f)(1) and (2), and for purposes of cost-effectiveness, the Debtor's Original Disclosure Statement and Plan of Reorganization have been consolidated into one document which conforms substantially with this Court's Standard Forms F3017-1 and F3018-1. A true and correct copy of the Debtor's Original Combined Plan And Disclosure Statement, Dated June 29, 2009 has been filed concurrently herewith.

[2] In compliance with this Court's Local Bankruptcy Rule 3017-2, this _Ex Parte_ Application incorporates by reference in its entirety the following evidence in support thereof:

- The previously filed "Affidavit In Support Of Emergency Motion For First-Day Relief" ("Gindele Affidavit") executed by Charles Gindele and filed as Attachment No. 2 to Docket Item No. 4 ("Emergency Motion For Order: (1) Approving The Debtor's Rejection Of Its Real Property Lease Located At 17032 Murphy Avenue; (2) Authorizing The Debtor To Use Cash Collateral; (3) Authorizing The Debtor To Continue To Use Its Consolidated Cash Management System; (4) Authorizing The Debtor To Pay Sales And Property Taxes; (5) Authorizing The Debtor To Pay Pre-Petition Wages, Retain Existing Payroll Accounts, And Honor Pre-Petition Employee Benefits; (6) Authorizing The Debtor To Honor Workers Compensation Program And Pay Insurance Premiums; (7) Establishing Adequate Assurance Payments With Respect To Utilities; (8) Authorizing The Debtor To Honor Certain Customer Warranties; And (9) Directing That A Committee Not Be Appointed In The Debtor's Small Business Case") ("Emergency Motion").  Pursuant to Fed.R.Evid. 201, the Debtor respectfully requests that this Court take judicial notice of the Gindele Affidavit and the Emergency Motion, pursuant to which this Court previously designated the Debtor's Chapter 11 case as a "Small Business" Chapter 11 case.

- The "Declaration Of Charles H. Gindele In Support Of Debtor's Original Combined Plan And Disclosure Statement" filed concurrently herewith.

- The Debtor's Schedules "D" through "G," filed previously with this Court as Docket Items 21-24 (and authenticated through the "Declaration Concerning Debtor's Schedules" executed by

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

ELECTRONICALLY FILED

## A. Description And History Of The Debtor's Business.

The Debtor is a California corporation.   The Debtor operates a replacement residential window and door business, and was established in or about 1984 in Orange County, California.   Founded with an emphasis on quality of materials and workmanship, the Debtor's business has for years served the community's pride of home ownership.   With more than 27,000 residential projects over its 24-year history, the Debtor has carved out a significant niche in the lucrative Orange County residential home improvement market.   In 2004, it was selected to represent Renewal By Andersen Corporation ("Andersen") as Andersen's exclusive Orange County Renewal by Andersen replacement window and door affiliate.   Since that time, the Debtor has become one of Andersen's largest distributors nationwide.

## B. Management Of The Debtor Before And During The Bankruptcy.

During the two years before the Debtor's bankruptcy petition was filed and throughout the pendency of the Debtor's Chapter 11 case, Charles Gindele acted as the Debtor's President, Chief Executive Officer, and sole shareholder.   Ms. Jackie Poehlman served as the Debtor's Chief Financial Officer prior to the commencement of the Debtor's Chapter 11 case. Ms. Poehlman resigned her position shortly after commencement of the Debtor's Chapter 11 case.

## C. Events Leading To The Debtor's Chapter 11 Filing.

The events leading to the commencement of the Debtor's Chapter 11 case are described more fully in the "Affidavit In Support Of _Emergency_ Motion For First-Day Relief" submitted by Charles H. Gindele, and are summarized here:

The Debtor's present financial difficulties reflect the state of the local consumer economy. Just four and a half years ago, at approximately the time the Debtor entered into a retailer agreement to become Andersen's exclusive Orange County affiliate, the Debtor   had ninety employees, occupied a newly purchased 34,000 square-foot office/warehouse, operated two

Charles H. Gindele on behalf of and in his capacity as President of the Debtor, appearing filed as Docket Item No. 26), which establish that the Debtor meets the criteria for "small business debtors" delineated in 11 U.S.C. § 101(51D).   Pursuant to Fed.R.Evid. 201, the Debtor respectfully requests that this Court take judicial notice of the Debtor's schedules and the Declaration executed in furtherance therewith.

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

_EX PARTE_ APPLICATION

ELECTRONICALLY FILED

1    showroom locations, and averaged over $1,100,000 per month in both sales and revenue. At that

2    time, the Debtor's overhead structure put its monthly breakeven point at approximately $950,000.

3    Beginning in or about September of 2005, Orange County began to experience a

4    residential housing slowdown. Homes that previously sold within days of going on the market at

5    above asking price began to languish as credit began to tighten and selling prices started to decline

6    in many areas. In 2006 and again in 2007 the Debtor felt the impact of declining home values on its

7    lead flow, sales and revenue. Sales and revenue declined by approximately 10% year-over-year

8    during this period.

9    The Debtor responded to these market conditions by lightening its overhead

10    structure. In May 2006, the Debtor sold its Santa Ana office/warehouse to free up approximately

11    $1,000,000 in cash and partially pay off a $545,000 line of credit with Wells Fargo Bank. Believing

12    that the slowdown in the market was only temporary and not wanting to incur the cost and hassle of

13    moving, the Debtor leased the building back from the new owner for two years.

14    Regrettably, the economy did not improve as anticipated and further overhead

15    reductions were necessary. In September 2006, the Debtor laid off approximately 10 staff

16    members. Nearly a year later, in August 2007, the Debtor implemented a 10% across-the-board

17    reduction in all compensation programs to help offset declining revenues. In November 2007, the

18    Debtor closed its Santa Ana showroom and moved it into its Santa Ana office building, thereby

19    saving about $9,000 per month.

20    In December 2007, the Debtor determined to seek a new location with reduced

21    square footage and monthly rent for its operations. After looking at over two dozen buildings, the

22    Debtor's management selected a 21,000 square foot building being leased by the Irvine Company

23    for approximately $22,000 per month. At the time, it was anticipated that this lease would produce

24    savings of more than $14,000 per month over the Debtor's then-present location and still provide

25    the operational footprint – i.e., the door shop, paint shop, warehousing and offices – necessary for a

26    company operating at about $9-10,000,000 per year.

27    In January 2008, the Debtor had sales of almost $1,100,000. Essentially, this was the

28    ninth year in a row that the Debtor's January sales topped $1,000,000. In light of this performance

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

**ELECTRONICALLY FILED**

1  – consistent with years in which the Debtor's revenues were consistently above $1,000,000 monthly

2  – the Debtor's management determined to proceed with the lease on the Irvine facility.

3       The balance of 2008 did not result in the same revenues as those historically enjoyed

4  by the Debtor.  During spring 2008, having already committed to the move to the Irvine facility, the

5  Debtor found it increasingly difficult and expensive to generate a consistent number of quality leads

6  (even more so than the two prior years which had been very difficult).  Sales started to fall

7  consistently into the $500,000 - $600,000 monthly range.  This decline from the Debtor's historical

8  revenues is a natural outgrowth of significant declines in the overall Orange County housing

9  market: The median home value in Orange County declined from $643,000 in August 2007 to about

10  $440,000 in August 2008 – a drop of about *$555 per day over a 365 day period.*  As a result, many

11  Orange County homeowners received notice from their home equity lenders that their lines of credit

12  were being frozen due to concerns of rapidly deteriorating housing values.

13       During this period, the Debtor had lowered its breakeven point from $950,000 per

14  month to approximately $600,000 per month.  Seeing that revenues were hovering in that range and

15  still struggling to generate leads at a cost effective rate even with these measures, the Debtor

16  imposed yet another 10% reduction in compensation across the board in September 2008.

17       Nevertheless, the Debtor continued to struggle for profitability.  From August

18  through October 2008, the Debtor's monthly sales fell to approximately $500,000 and the Debtor

19  began to fall behind in making timely payments to Andersen.  In the beginning of November 2008,

20  the Debtor had approximately $400,000 in accounts payable owed to Andersen.  At that time,

21  Andersen proposed converting the Debtor's accounts payable of about $400,000 to a three year note

22  and placing the Debtor on "cash-on-shipment" terms.  The Debtor's November sales were only

23  about $430,000 – the Debtor's worst November in ten years as economic news, bank failures, and

24  other economic uncertainty further undermined consumer confidence.  The Debtor accepted

25  Andersen's terms.

26       Despite a ray of hope in December – with sales of $800,000 (the Debtor's best

27  December ever) – January 2009 sales were only $529,000 and revenue from work installed was

28  only about $470,000.  By late January the Debtor was struggling to make its weekly payments for

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

*EX PARTE* APPLICATION

**ELECTRONICALLY FILED**

1  Andersen shipments and had started to fall 30-60 days behind with other vendors.  As February

2  approached, it became painfully obvious that the economy was not improving anytime soon and that

3  drastic measures would be needed to survive.  This led the Debtor's management to begin

4  considering all possible options on the Debtor's behalf.  Since the Debtor's president had invested

5  over $1,000,000 into the company over the prior three years at various intervals to prop it up as

6  revenues kept declining, management was no longer able to provide a financial safety net.  After

7  reviewing a number of insolvency options, the Debtor's management determined that seeking

8  chapter 11 bankruptcy protection and reorganizing as a smaller, ongoing company would be the

9  only realistic means of permitting the Debtor to provide uninterrupted service to its existing

10  customers, continue to sell and service new Andersen customers, fulfill the Debtor's financial

11  obligations to Andersen, provide for repayment to other creditors over time, provide continued

12  employment opportunities for many key employees and provide all employees an opportunity to

13  weather the present economic conditions so that when the market returns, the Debtor would be re-

14  positioned to reap the benefits.

15  **D. Significant Events During The Bankruptcy Case.**

16  At an initial hearing on various "first day" matters, the Debtor sought and obtained

17  classification as a "small business" pursuant to Fed.R.Bankr.P. 1020.  Subsequent to the filing of

18  the Debtor's Chapter 11 case, the Debtor has sought and obtained permission to reject its most

19  significant liability – a real property lease for its prior location at 17032 Murphy Avenue, Irvine,

20  California.  The Debtor has since vacated the premises and now operates out of premises located in

21  Laguna Niguel and leased by an affiliated LLC.  The Debtor still maintains its Laguna Niguel

22  showroom, and intends to assume the lease associated with this showroom as part of its Chapter 11

23  Plan.

24  The Debtor also has negotiated and obtained approval on a final basis for the use of

25  cash collateral, pursuant to the terms of a Stipulation with Renewal By Andersen Corporation.  The

26  Debtor has sought and obtained this Court's authorization to employ South Bay Law Firm as its

27  general insolvency counsel.  The Debtor has sought this Court's designation of a bar date by which

28  all claims to be treated under the Plan are to be filed.  The Debtor's post-petition operations are

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

*EX PARTE* APPLICATION

**ELECTRONICALLY FILED**

1  profitable, and have exceeded, in the aggregate, those projections that form the basis for its cash

2  collateral use.

## II. THIS COURT MAY DETERMINE THAT THE COMBINED PLAN AND DISCLOSURE STATEMENT, SUBMITTED IN SUBSTANTIAL CONFORMITY WITH THIS COURT'S STANDARD FORMS F3017-1 AND F3018-1, PROVIDES "ADEQUATE INFORMATION."

7  Section 1125(f)(1) authorizes the Court to determine that the Plan itself "provides

8  adequate information and that a separate disclosure statement is not necessary." Section 1125(f)(2)

9  further permits the Court to approve appropriate disclosure statements submitted on Court-approved

10  forms. By their own terms, Section 1125(f)'s provisions anticipate "adequacy" that is proportionate

11  both to the complexity of the Debtor's business and to the make-up of the creditor body.[3]

12  Here, the Debtor's Combined Plan and Disclosure Statement in this case track closely

13  the forms prescribed by this Court for appropriate disclosure in *any* Chapter 11 case - and not

14  merely a "small business" case. As their review demonstrates, the Debtor's Combined Plan and

15  Disclosure Statement and appurtenant exhibits describe with particularity (i) the Debtor's asset base;

16  (ii) the Debtor's proposed means of meeting distributions under the Plan; (iii) the alternatives to the

17  Debtor's Plan (i.e., liquidation); and (iv) proposed distributions to each class of creditors - all but

18  two classes of which are unimpaired.

---

22  [3] *See, e.g., In re J.D. MANUFACTURING, INC.*, 2008 WL 4533690 (Bankr. S. D. Tex.) at *2 ("'Adequacy' of information is a determination that is relative both to the entity (e.g. assets/business being reorganized or liquidated) and to the sophistication of the creditors to whom the disclosure statement is ad-dressed. Very simple plans with few creditors do not require complex, lengthy disclosure statements."). In *J.D. Manufacturing*, the Bankruptcy Court *rejected* the Debtor's proposed disclosure statement on the grounds that although the Debtor's case was an "exceptionally simple" liquidating Chapter 11, the Debtor had nevertheless failed to submit *any* disclosure other than "dense boilerplate" which failed to advise creditors of fundamental issues such as disclosure of the Debtor's assets and disclosure of proposed distributions. By contrast, and as explained above, the Debtor's Plan and Disclosure Statement in this case filed utilizing a form which is in substantial conformity with this Court's approved Forms 3017-1 and 3018-1, is far different.

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

*EX PARTE* APPLICATION

**ELECTRONICALLY FILED**

1

2    **III. CONDITIONAL APPROVAL OF THE DEBTOR'S DISCLOSURE**

3    **STATEMENT IS AUTHORIZED UNDER 11 U.S.C. 1125(F)(3)(A) AND**

4    **FED.R.BANKR.P. 3017.1(a).**

5    Section 1125(f)(3)(A) and Fed.R.Bankr.P. 3017.1 together authorize the Court to

6    conditionally approve a "small business" disclosure statement, subject to final approval at a noticed

7    hearing. Here, the Debtor is a "small business" within the contemplation of these provisions.

8    Where the Debtor has made application pursuant to Rule 3017.1(a), conditional approval is

9    therefore authorized under the standards of 11 U.S.C. § 1125, and should be granted.

10    **IV. THE DEBTOR REQUESTS THAT THIS COURT, ACTING PURSUANT**

11    **TO 11 U.S.C. §§ 1129(e) AND 1125(f)(3), AND FED.R.BANKR.P. 3017.1,**

12    **CONDITIONALLY     APPROVE     THE     DEBTOR'S     DISCLOSURE**

13    **STATEMENT (AS COMBINED WITH THE DEBTOR'S PLAN), SET**

14    **AUGUST 12, 2009 AS A CONFIRMATION DATE, APPROVE THE**

15    **FORM    AND    MANNER    OF    NOTICE    OF    THE    CONFIRMATION**

16    **HEARING,    AND    ESTABLISH    SUCH    OTHER    AND    FURTHER**

17    **PROCEDURES AND DATES AS MAY BE APPROPRIATE.**

18    Because the Debtor is a "small business" within the contemplation of 11 U.S.C. §

19    1125(f) and Fed.R.Bankr.P. 3017.1, this Court can - and should: (i) conditionally approve the

20    Disclosure Plan pending final approval at a confirmation hearing; (ii) set a final date for approval of

21    the Debtor's Disclosure Statement and confirmation of the Debtor's Plan; (iii) approve the form and

22    manner of notice of the confirmation hearing; and (iv) establish such other and further procedures

23    and dates as may be appropriate and consistent therewith.

24    **A. Proposed Confirmation Schedule.**

25    The Debtor has preliminarily obtained from this Court a tentative date of **August 12,**

26    **2009 at 11:00 a.m. P.D.T.** as the date for a confirmation hearing, and such date is within 45 days of

27

28

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

**ELECTRONICALLY FILED**

1  the filing of the Debtor's Plan.[4]  Based on that proposed date, the Debtor proposes that the

2  following, additional dates be provided to creditors in connection with an appropriate Scheduling

3  Order:

4

5

| Deadline/Hearing | Date |
| --- | --- |
| (a) Last date by which to serve Solicitation Package (described below). | July 8 |
| (b) Last date by which to file ballots accepting or rejecting Debtor's Chapter 11 Plan. | July 29 |
| (c) Last date by which to file objections to adequacy of Disclosure Statement and to confirmation of Debtor's Chapter 11 Plan. | July 29 |
| (d) Last date to file (i) ballot summary; (ii) further evidence (as required) in support of approval of Disclosure Statement and confirmation of Debtor's Chapter 11 Plan; and (iii) replies (if any) in support of adequacy of Disclosure Statement and in support of confirmation of Debtor's Chapter 11 Plan. | August 5 |
| (e) [Proposed] hearing date on final approval of Disclosure Statement and confirmation of Plan. | August 12 @ 11:00 a.m. |

14          A proposed form of Scheduling Order setting forth the above-described dates is

15  appended hereto as Exhibit "1."[5]

16          **B. Proposed Form And Manner Of Notice.**

17          The Debtor proposes that the following form and manner of notice apply:

18          •  No later than **July 8, 2009** a Solicitation Package (as defined herein) will be

19              mailed via U.S. First Class mail, postage pre-paid, to the following:

20                  o  Each person or entity listed as holding a claim against or an interest in

21                      the Debtor (which claim or interest has not otherwise been resolved or

22                      expunged by order of the Court) in the Debtor's Schedules.

---

[4] Section 1129(e) requires the Court to hold a hearing on the confirmation of the Debtor's Plan within 45 days of the filing of the Plan where the deadline for doing so has not been previously extended pursuant to Section 1121(e)(3).  Though the Debtor has not requested such extension, Section 1121(e)(3) does not appear to prohibit, on its face, the Court from extending, on its own motion, the deadlines applicable to this section, either "for cause" or under the factors described in Section 1121(e)(3).

[5] A proposed Scheduling Order has likewise been concurrently lodged with this Court via the Court's Lodged Order Upload (LOU) system.

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

*EX PARTE* APPLICATION

PRINTED ON
RECYCLED PAPER

**ELECTRONICALLY FILED**

1

o   Each person or entity having filed with the Court a proof of claim

2

against, or interest in the Debtor, which claim has not otherwise been

3

expunged by order of the Court or otherwise and which is not

4

otherwise subject to an objection.

5

o   The U.S. Trustee.

6

o   Any party who has filed a Notice of Appearance in the Debtor's

7

Chapter 11 case.

8

•   The Solicitation Package will include:

9

o   A copy of this Court's Scheduling Order.

10

o   A double-sided copy of the Plan and Disclosure Statement.[6]

11

o   A letter from the Debtor soliciting acceptance of the Plan.

12

o   For classes entitled to vote, a ballot and a ballot return envelope,

13

addressed to counsel for the Debtor.

14

**C. Proposed Voting And Confirmation Objection Procedures.**

15

The Debtor proposes that the Scheduling Order set forth the following voting and

16

confirmation objection procedures:

17

•   Each ballot mailed will be accompanied by return envelopes addressed to the

18

Debtor's counsel.

19

•   The Scheduling Order shall specify that all ballots for accepting or rejecting

20

the Plan shall be received by counsel for the Debtor prior to **5:00 p.m. PDT,**

21

**July 29, 2009** ("Voting Deadline"). Ballots may be returned by mail in the

22

return envelope provided with each ballot, by overnight courier to the address

23

set forth on the return envelope provided with each ballot, or by telecopy

24

(fax) transmission to the telecopy (fax) number set forth in the ballot

25

26

    [6] For purposes of cost-efficiency and convenience, the Plan and Disclosure Statement
included in the Solicitation Package will *not* include copies of the Debtor's voluminous post-
petition Monthly Operating Reports. Instead, recipients of the Solicitation Package will be directed
to this Court's PACER Docket in order to obtain copies of the same.

27

28

PRINTED ON
RECYCLED PAPER

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

ELECTRONICALLY FILED

instructions.

- The deadline for filing and serving written objections, comments, or responses to the confirmation of the Plan shall be **5:00 p.m. PDT, July 29, 2009**. Any objection, comment, or response to confirmation shall be in writing and shall be served so as to be received by counsel for the Debtor on or prior to **5:00 p.m. PDT, July 29, 2009**. Such objections, comments, or responses to confirmation may be returned by mail, by overnight courier, or by telecopy (fax) transmission to the same mailing address or telecopy (fax) number set forth in the ballot instructions included in the Solicitation Package.

- For purposes of calculating the amount of a claim as the same pertains to voting, the following will apply:
  - o The claim amount listed in the Debtor's Schedules; or
  - o If such claim is not listed in the Debtor's Schedules, in the amount of the proof of claim, to the extent that such claim is not the subject of an objection; or
  - o The amount temporarily allowed by the Court for voting purposes, pursuant to Fed.R.Bankr.P. 3018(a), after notice and a hearing prior to the Voting Deadline.

## V. CONCLUSION.

Based upon the foregoing, the Debtor respectfully requests that this Court approve the Application and enter its Order

(i) conditionally approving the Debtor's Original Disclosure Statement Dated June 29, 2009;

(ii) scheduling a hearing on confirmation of the Debtor's Original Plan of Reorganization Dated June 29, 2009;

(iii) approving the form and manner of notice of the confirmation hearing;

(iv) establishing the last date for receipt of ballots;

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

**ELECTRONICALLY FILED**

1        (v)  establishing procedures for vote tabulation; and

2        (vi) establishing such deadlines and procedures for filing objections (if any) to the

3        confirmation of the Debtor's Plan as may be consistent with the provisions of

4        Section 1129(e) and convenient for this Court; and

5        (vii)    for such other and further relief as this Court deems just and proper.

6     DATED:  June **__**, 2009

7

8                            By: _____

9                               Michael D. Good
                               General Insolvency Counsel for Debtor and Debtor-in-

10                               Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

*EX PARTE* APPLICATION

**ELECTRONICALLY FILED**

1  SOUTH BAY LAW FIRM
   MICHAEL D. GOOD (SBN 176033)
2  21535 Hawthorne Blvd., Suite 210
   Torrance, California 90503
3  Telephone:    (310) 373-2075
   Facsimile:    (310) 356-3229
4  mgood@southbaylawfirm.com

5  General Insolvency Counsel for Debtor and Debtor-in-Possession

6              **UNITED STATES BANKRUPTCY COURT**

7               **CENTRAL DISTRICT OF CALIFORNIA**

8                    **SANTA ANA DIVISION**

|  |  |
|---|---|
| 9  In re | Case No.    8:09-bk-11910-RK |
| 10 ALUMINUM ROOFING SPECIALISTS, INC., | Chapter 11 |
|    dba  DIAL  ONE  Window  Replacement | **SMALL BUSINESS CASE PURSUANT TO FRBP 1020** |
| 11 Specialists, dba Spectrum Windows & Doors | **ORDER:** |
| 12                 Debtor  and  Debtor-in-Possession. | **(1) CONDITIONALLY APPROVING DEBTOR'S ORIGINAL DISCLOSURE STATEMENT, DATED JUNE 29, 2009;** |
| 13 |  |
| 14 | **(2) SCHEDULING HEARING ON CONFIRMATION OF DEBTOR'S ORIGINAL PLAN, DATED JUNE 29, 2009;** |
| 15 |  |
| 16 | **(3) APPROVING FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING;** |
| 17 |  |
| 18 | **(4) ESTABLISHING LAST DATE FOR RECEIPT OF BALLOTS;** |
| 19 |  |
| 20 | **(5) ESTABLISHING PROCEDURES FOR VOTE TABULATION; AND** |
| 21 | **(6) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN** |
| 22 |  |
| 23 | Date: |
| 24 | Time:       [NONE SET]
        Place: |
| 25 |  |

26  ///

27  ///

28  ///

PRINTED ON

RECYCLED PAPER

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

ORDER CONDITIONALLY APPROVING DEBTOR'S ORIGINAL
DISCLOSURE STATEMENT, DATED JUNE 29, 2009, ETC.

**14**

Exhibit 1

**ELECTRONICALLY FILED**

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

1     Upon reading the Debtor's _Ex Parte_ Application for Order: (i) Conditionally Approving The

2 Debtor's Original Disclosure Statement Dated June 29, 2009; (ii) Scheduling A Hearing On

3 Confirmation Of The Debtor's Original Plan Of Reorganization Dated June 29, 2009 ("Plan"); (iii)

4 Approving The Form And Manner Of Notice Of The Confirmation Hearing; (iv) Establishing The

5 Last Date For Receipt Of Ballots; (v) Establishing Procedures For Vote Tabulation; And (vi)

6 Establishing Deadlines And Procedures For Filing Objections (If Any) To The Confirmation Of The

7 Debtor's Plan (the "Application") and supporting pleadings, no notice being given or required, and

8 the Court, finding that the Debtor's Original Disclosure Statement, Dated June 29, 2009

9 ("Disclosure Statement") should be approved, and further finds as follows:

10     1. Pursuant to 11 U.S.C. § 1125(f)(3)(A) and Bankruptcy Rule 3017.1, the Court

11     conditionally finds that the Disclosure Statement provides such information, as

12     reasonably practicable, that will enable the typical claim-holder or interest-holder to

13     make an informed judgment about the proposed Plan; and

14     2. The procedures identified in this Order satisfy the dictates of Fed.R.Bankr.P. 3017(d)

15     which specifies the materials to be distributed to creditors and equity security holders

16     upon approval of a disclosure statement.

17     **IT IS HEREBY ORDERED**, that a hearing on final approval of the Disclosure Statement

18 and confirmation of the Plan will be held on **August 29, 2009 at 11:00 a.m. P.D.T.** (the

19 "Confirmation Hearing"). The Confirmation Hearing may be continued from time to time by the

20 Court without further notice except to parties appearing at the initially scheduled Confirmation

21 Hearing or those filing objections to confirmation of the Debtor's Plan; and it is further

22     **ORDERED**, that no later than **July 8, 2009**, a Solicitation Package ("Solicitation Package")

23 will be mailed via First Class mail, postage pre-paid to the following:

24     (i)     Each person or entity listed as holding a claim against or an interest in the Debtor

25     (which claim or interest has not otherwise been resolved or expunged by order of the

26     Court) in the Debtor's Schedules;

27     (ii)     Each person or entity having filed with the Court a proof of claim against, or interest

28     in the Debtor, which claim has not otherwise been expunged by order of the Court or

**ELECTRONICALLY FILED**

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

1    otherwise and which is not otherwise subject to an objection;

2    (iii)    The U.S. Trustee;

3    (iv)    Any party who has filed a Notice of Appearance in the Debtor's Chapter 11 case;

4    and it is further

5    **ORDERED**, that the Solicitation Package will include:

6    (i)    A copy of this Order;

7    (ii)    A double-sided copy of the Plan and Disclosure Statement (<u>provided</u>, however, that

8    for purposes of cost-efficiency and convenience, the Plan and Disclosure Statement

9    included in the Solicitation Package will *not* include copies of the Debtor's

10    voluminous post-petition Monthly Operating Reports. Instead, recipients of the

11    Solicitation Package will be and are hereby directed to this Court's PACER Docket

12    in order to obtain copies of the same);

13    (iii)    A letter from the Debtor soliciting acceptance of the Plan;

14    (iv)    For classes entitled to vote, a ballot and a ballot return envelope, addressed to

15    counsel for the Debtor; and

16    and it is further

17    **ORDERED**, that each ballot mailed will be accompanied by return envelopes addressed to

18    the Debtor's counsel, and it is further

19    **ORDERED**, that all ballots for accepting or rejecting the Plan shall be received by counsel

20    for the Debtor prior to **5:00 p.m. PDT, July 29, 2009** ("Voting Deadline"). Ballots may be

21    returned by mail in the return envelope provided with each ballot, by overnight courier to the

22    address set forth on the return envelope provided with each ballot, or by telecopy (fax) transmission

23    to the telecopy (fax) number set forth in the ballot instructions, and it is further

24    **ORDERED**, that the deadline for filing and serving written objections, comments, or

25    responses to the confirmation of the Plan shall be **5:00 p.m. PDT, July 29, 2009**. Any objection,

26    comment, or response to confirmation shall be in writing and shall be served so as to be received by

27    counsel for the Debtor on or prior to **5:00 p.m. PDT, July 29, 2009**. Such objections, comments, or

28    responses to confirmation may be returned by mail, by overnight courier, or by telecopy (fax)

**ELECTRONICALLY FILED**

1    transmission to the same mailing address or telecopy (fax) number set forth in the ballot instructions

2    included in the Solicitation Package, and it is further

3        **ORDERED**, that for purposes of calculating the amount of a claim as the same pertains to

4    voting, the following will apply:

5        (i)    The claim amount listed in the Debtor's Schedules; or

6        (ii)   If such claim is not listed in the Debtor's Schedules, in the amount of the Proof of

7               Claim, to the extent that such claim is not the subject of an objection; or

8        (iii)  The amount temporarily allowed by the Court for voting purposes, pursuant to

9               Fed.R.Bankr.P. 3018(a), after notice and a hearing prior to the Voting Deadline.

10

11   DATED: _____    _____

12                                               ROBERT N. KWAN
                                         UNITED STATES BANKRUPTCY JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

ORDER CONDITIONALLY APPROVING DEBTOR'S ORIGINAL
DISCLOSURE STATEMENT, DATED JUNE 29, 2009, ETC.

**17**

**ELECTRONICALLY FILED**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21535 Hawthorne Blvd., Ste. 210, Torrance, CA 90503

A true and correct copy of the foregoing document described <u>ORDER CONDITIONALLY APPROVING DEBTOR'S ORIGINAL DISCLOSURE STATEMENT, DATED JUNE 29, 2009, ETC.</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>June 30, 2009</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    Marc Andrews     sandra.g.mcmasters@wellsfargo.com
    Todd A Brisco     sgriffin@briscoassociates.com
    Michael D Good     mgood@southbaylawfirm.com
    Michael J Hauser     michael.hauser@usdoj.gov
    United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On or prior to <u>July 1, 2009</u> I caused to be served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____
____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 30, 2009 | Michael D. Good | /S/ |
|---|---|---|
| Date | Type Name | Signature |

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**
**18**

**ELECTRONICALLY FILED**

## BY U.S. MAIL OR OVERNIGHT MAIL

### Secured Creditors

Renewal by Andersen Corporation
9900 Jamaica Ave., South
Cottage Grove, MN  55016

Wells Fargo Auto Loan
177 Park Center Plz.
San Jose, CA  95113

Counsel for Renewal By Andersen
David B. Galle, Esq.
Oppenheimer, Wolff & Donnelly LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN  55402

Great America Leasing Corporation,
PO Box 609
Cedar Rapids, IA 52406-0609

Wells Fargo Line of Credit
Attn: Marc Andrews, Esq.
Wells Fargo & Company
21680 Gateway Ctr. Drive, Ste. 280
Diamond Bar, CA 91765-2435

Great America Leasing Corporation,
PO Box 609
Cedar Rapids, IA 52406-0609

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

**19**

**ELECTRONICALLY FILED**

ADDITIONAL SERVICE LIST(S) – TO BE SERVED BY U.S. MAIL

| | |
|---|---|
| Renewal by Andersen Corp. | Irvine Company |
| 9900 Jamaica Ave., South | 7575 Irvine Center Dr. |
| Cottage Grove, MN  55016 | Ste. 25 |
| | Irvine CA 92618 |
| | |
| Counsel for Renewal By Andersen | Counsel for Irvine Company |
| David B. Galle, Esq. | Law Office of Dean P. Sperling |
| Oppenheimer, Wolff & Donnelly LLP | 201 E. Sandpointe, Suite 220 |
| Plaza VII, Suite 3300 | Santa Ana, California 92707 |
| 45 South Seventh Street | |
| Minneapolis, MN  55402 | |
| | |
| Minolta Business Solutions | Citibank Advantage |
| L P.O. Box 100706 | P.O. Box 6417 |
| Pasadena CA 91189-0706 | The Lakes NV 88901 |
| | |
| O.C. Register | Health Net |
| File 56017 | File 52617 |
| Los Angeles CA 90074-6017 | Los Angeles CA  90074-2617 |
| | |
| Trimlite | Home Depot |
| 901 S.W. 39th Street | P.O. Box  6029 |
| Renton WA 98057-4831 | The Lakes NV 88901-6029 |
| | |
| Orepac M/S 08 | Yellow Book USA |
| P.O. Box 4300 | P.O. Box 51444 |
| Portland OR 97208 | Los Angeles CA 90051-5744 |
| | |
| Allied Building Products | Clipper Magazine |
| File 57188 | 3708 Hempland Road |
| Los Angeles CA 90074-7188 | Mountville PA 17554 |
| | |
| Money Mailer South County | US Polymers Inc. |
| 23152 Verdugo Drive, Ste. 200 | 1057 S. Vail Ave. |
| Laguna Hills CA 92653 | Montebello CA 90640 |
| | |
| R.S.V.P. | TheHomeMag |
| 17752 Mitchell N., Ste. D | 125 E. Baker St., Suite 240 |
| Irvine CA  92514 | Costa Mesa CA  92626 |
| | |
| CertainTeed Co-Marshall Window | |
| P.O. Box 60000 | |
| San Francisco CA 94160 | |

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1
20

**ELECTRONICALLY FILED**

### NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _____
_____

was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** в Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

    Marc Andrews     sandra.g.mcmasters@wellsfargo.com
    Todd A Brisco    sgriffin@briscoassociates.com
    Michael D Good   mgood@southbaylawfirm.com
    Michael J Hauser  michael.hauser@usdoj.gov
    United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1**

**ELECTRONICALLY FILED**

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

1

**ADDITIONAL SERVICE INFORMATION** (if needed):

2

3
**TO BE SERVED BY THE LODGING PARTY**

4

5
Secured Creditors

SECURED CREDITORS - TO BE SERVED BY LODGING PARTY VIA U.S. MAIL

6
Renewal by Andersen Corporation        Wells Fargo Auto Loan
9900 Jamaica Ave., South              177 Park Center Plz.
Cottage Grove, MN  55016              San Jose, CA  95113

7
Counsel for Renewal By Andersen        Great America Leasing Corporation,
David B. Galle, Esq.                  PO Box 609

8
Oppenheimer, Wolff & Donnelly LLP     Cedar Rapids, IA  52406-0609
Plaza VII, Suite 3300

9
45 South Seventh Street
Minneapolis, MN  55402

10

11
Wells Fargo Line of Credit
Attn: Marc Andrews, Esq.

12
Wells Fargo & Company
21680 Gateway Ctr. Drive, Ste. 280

13
Diamond Bar, CA 91765-2435

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

ORDER CONDITIONALLY APPROVING DEBTOR'S ORIGINAL
DISCLOSURE STATEMENT, DATED JUNE 29, 2009, ETC.

**22**

**ELECTRONICALLY FILED**

1

2  ▓▓▓▓UNSECURED CREDITORS - TO BE SERVED BY OVERNIGHT PARCEL DELIVERY▓▓▓▓

3   Renewal by Andersen Corp.               Irvine Company
    9900 Jamaica Ave., South                7575 Irvine Center Dr.
4   Cottage Grove, MN  55016                Ste. 25
                                            Irvine CA 92618
5

6   <u>Counsel for Renewal By Andersen</u>       <u>Counsel for Irvine Company</u>
    David B. Galle, Esq.                    Law Office of Dean P. Sperling
    Oppenheimer, Wolff & Donnelly LLP       201 E. Sandpointe, Suite 220
7   Plaza VII, Suite 3300                   Santa Ana, California 92707
    45 South Seventh Street
8   Minneapolis, MN  55402

9   Minolta Business Solutions              Citibank Advantage
    L P.O. Box 100706                       P.O. Box 6417
10  Pasadena CA 91189-0706                  The Lakes NV 88901

11  O.C. Register                           Health Net
12  File 56017                              File 52617
    Los Angeles CA 90074-6017               Los Angeles CA  90074-2617
13
    Trimlite                                Home Depot
14  901 S.W. 39th Street                    P.O. Box 6029
    Renton WA 98057-4831                    The Lakes NV 88901-6029
15
16  Orepac M/S 08                           Yellow Book USA
    P.O. Box 4300                           P.O. Box 51444
17  Portland OR 97208                       Los Angeles CA 90051-5744

18  Allied Building Products                Clipper Magazine
    File 57188                              3708 Hempland Road
19  Los Angeles CA 90074-7188               Mountville PA 17554

20  Money Mailer South County               US Polymers Inc.
    23152 Verdugo Drive, Ste. 200           1057 S. Vail Ave.
21  Laguna Hills CA 92653                   Montebello CA 90640

22  R.S.V.P.                                TheHomeMag
    17752 Mitchell N., Ste. D               125 E. Baker St., Suite 240
23  Irvine CA  92514                        Costa Mesa CA  92626

24  CertainTeed Co-Marshall Window
25  P.O. Box 60000
    San Francisco CA 94160
26

27

28

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

ORDER CONDITIONALLY APPROVING DEBTOR'S ORIGINAL
DISCLOSURE STATEMENT, DATED JUNE 29, 2009, ETC.
**23**